**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MISAEL PERDOMO-MARTINEZ, a.k.a. Misael Perdomo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70964<br><br>Agency No. A095-657-372<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Misael Perdomo-Martinez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Perdomo-Martinez did not establish a clear probability of persecution because the threats he and his family received, and the death of his cousin, do not amount to persecution on account of a protected ground. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005); *Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir. 1997). Substantial evidence also supports the agency's determination Perdomo-Martinez failed to establish a clear probability of persecution in light of his family's ability to live unharmed in Guatemala City. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001). Perdomo-Martinez does not otherwise contend he has a future fear of persecution. Accordingly, his claim for withholding of removal fails.

We lack jurisdiction to review Perdomo-Martinez's contention that the IJ did not consider evidence of country conditions because he did not exhaust it before the BIA. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (no jurisdiction to review due process claim where petitioner failed to exhaust the claim).

08-70964

Perdomo-Martinez's counsel is cautioned that her opening brief does not meet this court's standards. *See generally* Fed.R.App. P.28; 9th Cir. R.28-2.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**